# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# BECKLEY DIVISION

GARY LEE HODGES,

    Movant,

v.                                                               Case No. 5:24-cv-00132
                                                                       Case No. 5:22-cr-00033

UNITED STATES OF AMERICA,

    Respondent.

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is Movant, Gary Lee Hodges' (hereinafter "Defendant") Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (ECF No. 87). This matter is assigned to the Honorable Frank W. Volk, Chief United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## PROCEDURAL HISTORY

On February 1, 2022, Defendant was indicted in a two-count indictment charging him with two violations of 18 U.S.C. § 2422(b) (attempted enticement of a minor). (ECF No. 24). On June 16, 2022, Defendant pled guilty to both counts of the indictment without a plea agreement. (ECF No. 55). On February 24, 2023, Defendant was sentenced to 324 months in prison on each count, to run concurrent to one another, and a term of 15 years of supervised release. (ECF No. 75). His Judgment and Commitment

Order was entered on March 1, 2023. (ECF No. 76). Defendant did not file a timely notice of appeal to the United States Court of Appeals for the Fourth Circuit.

However, on March 18, 2024, Defendant filed the instant § 2255 motion raising four claims of ineffective assistance of counsel. (ECF No. 87). Ground One of the motion asserts that Defendant's trial counsel, John A. Carr ("Carr"), failed to file a notice of appeal when Defendant allegedly asked him to do so. (*Id.* at 4). The other three grounds for relief assert that Carr failed to challenge various enhancements to Defendant's sentence. (*Id.* at 5-8). Defendant also filed a Memorandum of Law in support of his § 2255 motion expanding on each of his claims for relief. (ECF No. 88).

The undersigned ordered Carr to submit an affidavit responding to the allegations made in the § 2255 motion and further ordered the United States of America ("the Government") to respond to the motion. (ECF No. 91). On June 17, 2024, Carr filed his affidavit asserting that, in addition to the Court's instructions at sentencing, he discussed Defendant's appellate rights with him "multiple times," and that Defendant specifically told him "he did not wish to appeal his sentence." (ECF No. 92 at 2). Additionally, Carr indicates that he met extensively throughout the case with Defendant, as well as his son, and "at no time was an appeal ever mentioned." (*Id.*) Carr further asserts that Defendant's Guideline sentence was correctly calculated. (*Id.*)

However, the Government's response to the § 2255 motion asserts that, notwithstanding Carr's representations, in the interests of justice, the Court should grant the § 2255 motion for the limited purpose of reentering Defendant's Judgment to allow a new period in which he may seek a direct appeal. (ECF No. 95 at 3). Recognizing that an attorney's failure to file a notice of appeal upon the unequivocal request of a defendant is

*per se* ineffective assistance of counsel, *United States v. Poindexter*, 492 F.3d 263, 269 (4th Cir. 2007), Respondent further states:

> The defendant need not show he would have prevailed on appeal, or even that his appeal would have had merit. *Roe v. Flores-Ortega*, 528 U.S. 470, 486 (2000). Rather, the defendant need only demonstrate "that, but for counsel's deficient conduct, he would have appealed." *Id.*

(*Id.*) Based upon this clear authority, the Government agrees that it is in the interest of justice to grant Defendant's § 2255 motion for the limited purpose of vacating and reentering his judgment to allow him to file a timely notice of appeal. (*Id.*) The Government further asserts that the remainder of Defendant's claims in his § 2255 motion should be dismissed without prejudice as they are premature pending exhaustion of any direct appeal by Defendant. (*Id.* at 4). Defendant did not file a reply brief. The matter is ripe for resolution.

## ANALYSIS

Consistent with the precedent in *Flores-Ortega* and *Poindexter*, and in accordance with the Government's concession that justice requires that Defendant's judgment be vacated and reentered to enable him to pursue a direct appeal, the undersigned proposes that the presiding District Judge **FIND** that Defendant is entitled to § 2255 relief for that limited purpose. The undersigned further agrees that Defendant's remaining claims for relief set forth in his § 2255 motion are premature pending the resolution of any direct appeal and declines to further address the same.

## RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** Defendant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (ECF No. 87) with respect to Ground One, vacate and

3

reenter Defendant's criminal judgment for the purpose of starting anew the period in which Defendant may file a timely notice of appeal, and appoint new counsel to represent Defendant on appeal. It is further respectfully **RECOMMENDED** that the presiding District Judge **DENY WITHOUT PREJUDICE** Grounds Two through Four of Defendant's § 2255 motion. It is further respectfully **RECOMMENDED** that the presiding District Judge dismiss this civil action from the docket of the court.

The parties are notified that this Proposed Findings and Recommendations is hereby **FILED**, and a copy will be submitted to the Honorable Frank W. Volk, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendations within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendations to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on the opposing party and Chief Judge Volk.

5

    The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy of the same to Defendant, and to transmit a copy to counsel of record.

October 22, 2024

                            Dwane L. Tinsley
                            United States Magistrate Judge