# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA
### AT BECKLEY

GARY LEE HODGES,

    Movant,

v.                                                                     CIVIL ACTION NO. 5:24-cv-00132
                                                                CRIM. ACTION NO. 5:22-cr-00033

UNITED STATES OF AMERICA,

    Respondent.

### ORDER

Pending is the Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [Doc. 87], filed by Movant, Gary Lee Hodges, on March 18, 2024. This action was previously referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). Magistrate Judge Tinsley filed his PF&R [Doc. 99] on October 22, 2024. Magistrate Judge Tinsley recommended that the Court grant Mr. Hodges' motion with respect to Ground One, vacate and reenter Mr. Hodges' criminal judgment for the purpose of starting anew the period in which Mr. Hodges may file a timely notice of appeal, and appoint new counsel to represent Mr. Hodges on appeal. Magistrate Judge Tinsley further recommended that the Court deny without prejudice Grounds Two through Four of Mr. Hodges' § 2255 motion and dismiss this civil action from the docket of the Court.

The Court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the

report or specified proposed findings or recommendations *to which objection is made*." (emphasis added)). Failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal the Court's order. *See* 28 U.S.C. § 636(b)(1); *see also United States v. De Leon-Ramirez*, 925 F.3d 177, 181 (4th Cir. 2019) (Parties may not typically "appeal a magistrate judge's findings that were not objected to below, as § 636(b) doesn't require de novo review absent objection."); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989). Further, the Court need not conduct de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Objections in this case were due on September 9, 2024. No objections were filed.

Accordingly, the Court **ADOPTS** the PF&R [**Doc. 99**] and **ORDERS** that:

1. The Motion [**Doc. 1**] is **GRANTED in part** as to Ground One only;
2. The Judgment in Criminal Case No. 5:22-cr-00033 [**Doc. 76**] is **VACATED** and shall be **REENTERED** for the purpose of starting anew the period in which Mr. Hodges may file a timely notice of appeal;
3. The Federal Public Defender's Office is appointed to represent Mr. Hodges on appeal in Criminal Case No. 5:22-cr-00033;
4. The Motion [**Doc. 1**] is **DENIED** as to Grounds Two through Four; and
5. The civil case (Cause No. 5:24-cv-00124) is **DISMISSED without prejudice**.

Additionally, pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). An inmate

satisfies this standard by demonstrating reasonable jurists would find that her constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). Here, Mr. Hodges has not made the requisite showing. Accordingly, the Court **DENIES** a certificate of appealability.

The Court directs the Clerk to transmit a copy of this Order to any counsel of record and any unrepresented party.

ENTER: December 3, 2024

Frank W. Volk
Chief United States District Judge